# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFAEL GARCIA,<br><br>      Plaintiff,<br><br>v.<br><br>RUBIN & ROTHMAN, LLC,<br><br>      Defendant. | Civil Action No. 2:16-cv-09333-JLL-SCM<br><br>**OPINION AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**[D.E. 34]** |

**STEVEN C. MANNION,** United States Magistrate Judge.

Before the Court is Plaintiff Rafael Garcia's ("Mr. Garcia") motion for attorneys' fees and costs in the amount of $27,350.00, following his acceptance of an Offer of Judgment[1] from Defendant Rubin & Rothman, LLC ("Rubin & Rothman").[2] The parties consented to Magistrate Judge jurisdiction over this motion.[3] For the reasons set forth herein, this Court **GRANTS** in part and **DENIES** in part Mr. Garcia's motion for attorneys' fees and costs for a total award of $25,304.20.

---

[1] Fed. R. Civ. P. 68.

[2] (ECF Docket Entry No. ("D.E.") 34, Mot. for Fees and Costs). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[3] (D.E. 44).

## I. BACKGROUND AND PROCEDURAL HISTORY[4]

This case arises from Defendant Rubin & Rothman's alleged violations of the Fair Debt Collection Practices Act ("Fair Debt Act").[5] Mr. Garcia filed his Complaint December 16, 2016, alleging that Rubin & Rothman violated the Fair Debt Act while attempting to collect a consumer debt from Mr. Garcia.[6] Rubin & Rothman is a debt collection firm.[7]

On September 17, 2010, Rubin & Rothman filed a lawsuit ("the State Court Action") against Mr. Garcia on behalf of Toyota Motor Credit Corporation ("Toyota") in the Passaic County Superior Court. Toyota brought the action with regard to a debt Mr. Garcia incurred based upon an alleged retail installment contract for an automobile loan.[8] The complaint sought to collect $8,146.34 plus interest accrued from March 29, 2010.[9] On November 11, 2010, Mr. Garcia and Toyota entered into a Stipulation of Settlement in the State Court Action whereby Mr. Garcia agreed to pay Toyota $8,170.59, plus interest, at the rate of $150.00 per month until the full amount is paid.[10]

As of April 13, 2015, Mr. Garcia had allegedly paid off $7,985.96 of the $8,170.59 agreed upon. In his Complaint, Mr. Garcia alleges that Rubin & Rothman filed an Application for Default

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 1, Compl. at ¶ 1).

[6] (D.E. 1, Compl. at ¶ 42).

[7] (D.E. 1, Compl. at ¶ 6).

[8] (D.E. 1, Compl. at ¶ 10).

[9] (D.E. 1, Compl. at ¶ 15).

[10] (D.E. 1, Compl. at ¶ 16).

of Stipulation of Settlement on December 18, 2015 which "falsely claim[ed]" the Complaint Amount owed to Toyota was $15,875.20.[11] As a result of Rubin & Rothman filing the Application for Default, Judgement was entered against Mr. Garcia in the State Court Action in the amount of $8,155.70, in addition to the nearly $8,000.00 he had already paid.[12]

The Fair Debt Act states that debt collectors may not falsely represent the character, amount or legal status of any debt[13] and that such debt collectors may not use unfair or unconscionable means to collect any debt.[14] In his Complaint, Mr. Garcia alleges that Rubin & Rothman violated the Fair Debt Act by falsely representing the amount owed in the Application for Default and using other unfair or unconscionable means to collect the debt he owed to Toyota.[15]

The parties litigated this case briefly. Rubin & Rothman filed its Answer on May 1, 2017.[16] On July 25, 2017, the Court held a Rule 16 conference.[17] On September 14, 2017, the Court held a status conference.[18] On November 15, 2017, the Court held a telephone conference.[19] On January 10, 2018, the Court held a telephone conference.[20] Thereafter, Rubin & Rothman served an Offer

---

[11] (D.E. 1, Compl. at ¶ 18).

[12] (D.E. 1, Compl. at ¶ 24).

[13] 15 U.S.C. § 1692(e)(2)(A).

[14] 15 U.S.C. § 1692(f).

[15] (D.E. 1, Compl. at ¶ 42-50).

[16] (D.E. 10, Answer).

[17] (D.E. 11, Scheduling Order).

[18] (D.E. 13, Scheduling Order).

[19] (D.E. 14, Scheduling Order).

[20] (D.E. 16, Scheduling Order).

of Judgment ("the Offer") under Rule 68 for an amount not to be disclosed on the record. Mr. Garcia accepted the Offer on March 28, 2018.[21]

The parties negotiated but were unable to settle the issue of Mr. Garcia's reasonable attorneys' fees and costs. On June 29, 2018, Mr. Garcia filed the present motion.[22]

II. **LEGAL STANDARD**

Under the Fair Debt Act, a "debt collector who fails to comply with any provision"[23] of the Act "with respect to an individual plaintiff is liable for any actual damages sustained as well as statutory damages as awarded by the court, not to exceed $1,000.00."[24] In the case of successful actions to enforce liability, the Act provides for an award of "the costs of the action, together with a reasonable attorney's fee as determined by the court."[25]

In the context of awarding attorneys' fees under the Fair Debt Act, a plaintiff may be considered a "prevailing party" if a "plaintiff succeeds on any significant issue in litigation which achieves some of the benefit plaintiff sought by bringing the suit."[26] The Third Circuit has held

---

[21] Fed. R. Civ. P. 68.

[22] (D.E. 34, Pl.'s Mot. for Att'y Fees and Costs).

[23] 15 U.S.C. §§ 1692k(a)(1), (a)(2)(A).

[24] *Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452, 457 (D.N.J. 2012); *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

[25] 15 U.S.C. § 1692k(a)(3); *Graziano*, 950 F.2d at 113.

[26] *Bilazzo*, 876 F. Supp. 2d at 457.

that successful cases under the Fair Debt Act require an award of attorney's fees and that those fees "should not be construed as a special or discretionary remedy."[27]

The Fair Debt Act specifically provides that an attorney's fee under the Act must be "reasonable,"[28] one which is "adequate to attract competent counsel, but which [does] not produce windfalls to attorneys."[29] In order to determine a reasonable fee under the Fair Debt Act, courts must calculate the "lodestar" amount by "multiplying the total number of hours reasonably expended by a reasonable hourly rate."[30]

As the moving party, Mr. Garcia bears the burden of proving that his requested hourly rates and hours claimed are reasonable.[31] If the opposing party wishes to challenge the fee award, the opposing party must then object "with sufficient specificity."[32] Once an "adverse party raises specific objections to the fee request, the district court has a great deal of discretion to adjust the award in light of those objections."[33] After such an objection, "the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable."[34]

---

[27] *Graziano*, 950 F.2d at 113.

[28] 15 U.S.C. § 1692k(a)(3).

[29] *Pub. Interest Research Grp. v. Windall*, 51 F.3d 1179, 1185 (3d Cir.1995) (internal quotation marks omitted) (citations omitted).

[30] *Bilazzo*, 876 F. Supp. 2d at 458.

[31] *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

[32] *Id.*

[33] *Blakey v. Cont'l Airlines*, 2 F. Supp. 2d 598, 602 (D.N.J. 1998) (citations omitted).

[34] *Interfaith*, 426 F.3d at 703 n.5.

Although the Third Circuit presumes that the lodestar yields a reasonable fee, district courts retain discretion to adjust the lodestar.[35] "The party seeking adjustment has the burden of proving that an adjustment is necessary."[36] District courts may adjust the lodestar based on a number of factors, including but not limited to:

> the time and labor required; the novelty and difficulty of the legal issue; the skill required to perform the legal service properly; the customary fee in the community for similar work; the amount involved and results obtained; the experience, reputation and ability of the attorneys; the nature and length of the attorney-client relationship; and fee awards in similar cases.[37]

"After calculating the lodestar, the court may deviate from it, but only in the 'rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'"[38] "Thus, the consideration of [the factors that the United States Court of Appeals for the Fifth Circuit articulated in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)] is permissible on the back end of a lodestar's calculation, as long as [those factors] are not already 'subsumed in the lodestar calculation.'"[39]

III. **<u>DISCUSSION AND ANALYSIS</u>**

With the above principles in mind, the Court notes that Rubin & Rothman does not dispute that the Fair Debt Act provides for an award of reasonable attorney's fees and costs, nor does it

---

[35] *Bilazzo*, 876 F. Supp. 2d at 458 (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

[36] *Rode*, 892 F.2d at 1183.

[37] *Bilazzo*, 876 F. Supp. 2d at 458 (citing *Pub. Interest Research Group*, 51 F.3d at 1185 n. 8).

[38] *Souryavong v. Lackawanna Cty.*, 872 F.3d 122, 128 (3d Cir. 2017) (internal citations omitted).

[39] *Id.*

dispute that Mr. Garcia is a prevailing party in this matter due to his recovery of a judgment. Accordingly, the Court will address the only issue in dispute, whether Mr. Garcia's requested attorneys' fees are reasonable.

### a. Breakdown of Fee Award Sought

Mr. Garcia seeks an award of attorneys' fees and costs totaling $27,886. Mr. Garcia requests an award of fees for Lawrence Hersh, Esq. ("Mr. Hersh"), for 52.2 hours at $500.00 per hour – totaling $27,350. Mr. Garcia also seeks to recover $536 in litigation costs.[40]

### b. Reasonable Hourly Rates

Counsel's billing records reflect that Lawrence Hersh, Esq. is the only professional who worked on this case on behalf of Plaintiff Garcia.[41] Mr. Hersh bills his time at the rate of $500 per hour.[42] Mr. Hersh has certified that he has been licensed to practice law for nearly 29 years,[43] and worked at a number of law firms before opening his own practice in 2002.[44] Mr. Hersh also certifies that he devotes a substantial portion of his practice to consumer law matters and has represented plaintiffs in more than 75 Fair Debt Act cases.[45] The Court notes that in a similar action in this District, the Honorable Joseph A. Dickson, U.S.M.J., found that Mr. Hersh's then-

---

[40] *Id.*

[41] *See generally* (D.E. 34-1, Hersh Cert.).

[42] *Id.* at ¶ 16.

[43] *Id.* at ¶¶ 4,17.

[44] *Id.* at ¶ 6.

[45] *Id.* at ¶¶ 12-14.

7

current hourly rate of $500.00 was reasonable.[46] Taking these factors together, this Court also finds that Mr. Hersh's hourly rate of $500 is reasonable.

### c. Reasonable Hours Expended

Turning to whether Mr. Hersh's claimed hours are reasonable, a party "is not automatically entitled to compensation for all the time its attorneys spent working on the case."[47] Instead, a court must "decide whether the hours set out were reasonably expended for each of the particular purposes described, and then exclude those that are excessive, redundant, or otherwise unnecessary."[48] A court "may not reduce an award *sua sponte*" and must only do so in response to an opposing party's specific objections.[49] Once an opposing party has made a specific objection, the burden lies with the prevailing party to justify its request.[50]

Rubin & Rothman asks the Court to reduce several of Mr. Hersh's billing entries on the grounds that he spent excessive or unnecessary time. The Court has reviewed the entries in question and finds that Mr. Hersh generally spent a reasonable amount of time on each activity. The Court has, however, identified specific billing entries that appear to include an excessive amount of time when considering Mr. Hersh's level of experience and associated hourly rate. The following table identifies each of these entries, as well as the downward adjustment that the Court finds appropriate:

---

[46] *Stever v. Harrison*, 16-cv-298, Letter Order dated April 27, 2018, at 1.

[47] *Id.*

[48] *Id.* (internal quotation marks omitted).

[49] *Id.*

[50] *Id.*

| Date | Description | Hours Billed | Hours Deducted |
|---|---|---|---|
| Dec 20, 2016 | "review and download summons issued by court and filed stamped copy of complaint, calculate and calendar last date of service of complaint" | .3 | .1 |
| Jun 13, 2017 | "download and review Order scheduling initial conference [D.E. 11], calendar dates" | .2 | .1 |
| Jul 26, 2017 | "review pretrial scheduling order, calendar dates [D.E. 13]" | .3 | .2 |
| Aug 9, 2017 | "Email to PC asking where the proofs of Plaintiff's damages as Ordered by the court" | .2 | .1 |
| Sep 13, 2017 | "perform legal research regarding actual damages in FDCPA case" | .8 | .3 |
| Nov 15, 2017 | "review text order extending fact discovery, calendar new dates for end of discovery and next telephone conference [D.E. 16]" | .2 | .1 |
| Dec 4, 2017 | "email client discovery propounded by Defendant, request client's availability for deposition" | .2 | .1 |
| Jan 5, 2018 | "prepare and draft subpoenas to serve on Mariner Finance and Mortgage Unlimited, two companies with whom Plaintiff applied to for credit but was denied" | 1.3 | .6 |
| Jan 16, 2018 | "call from rep at mortgage Unlimited re client's denial of loan application" | .2 | .1 |
| Jan 26, 2018 | "Second call from representative at Mortgage Unlimited in response to Subpoena served by Plaintiff" | .2 | .1 |
| Feb 22, 2018 | "emails to opposing counsel, call to court, draft and file letter with court seeking adjournment of settlement conference [D.E. 19]" | .4 | .1 |
| Mar 29, 2018 | "review entry of 60 day Order administratively terminating case and calendar date for 60 day order of dismissal [D.E. 21]" | .2 | .1 |
| Apr 8, 2018 | "call from client as to the status of settlement agreement, email to attorney Williamson as to status of draft of settlement agreement which should have been received previous week" | .3 | .1 |
| Apr 26, 2018 | "email from attorney Williamson, call from client; draft and send letter to court seeking 30 day extension to file fee petition [D.E. 22]" | .5 | .1 |
| May 31, 2018 | "review text order re telephone conference, calendar date and time [D.E. 29]" | .2 | .1 |

| Jun 6, 2018 | "Email to Pc confirming that as soon as Plaintiff's W9 is received, a check for the full settlement amount will be obtained and sent to him" | .2 | .1 |
| Jun 7, 2018 | "contact King Transcription Services, fill out necessary paperwork in order to get copy of transcript from settlement conference" | .3 | .1 |
| | | **Total** | 2.5 |

Taking the hours that Mr. Hersh billed in connection with this matter and subtracting the deductions discussed above leaves a total of 52.2 hours. Multiplying those hours by Mr. Hersh's approved hourly rate produces fees totaling $26,100. Adding in costs totaling $536, and which the Court finds are reasonable, produces a lodestar of $26,636.

The Court must next determine whether it might be appropriate to deviate from the lodestar amount in consideration of the *Johnson* factors. The Court observes that the first, third, fifth, and ninth *Johnson* factors[51] are accounted for in the lodestar calculation itself, and that certain others (e.g., whether the fee is fixed or contingent) are inapplicable here. As for the second factor, the novelty and difficulty of the questions presented, the Court finds that this Fair Debt Act case was substantially similar, if not identical, to scores of other cases that Mr. Hersh has filed in the past. Therefore, the Court reduced the lodestar be reduced by five percent. Accordingly, Mr. Garcia is entitled to recover $24,795 in attorneys' fees and $509.20 in litigation costs, for a total award of $25,304.20.

An appropriate Order follows:

---

[51] These factors are as follows: (1) the time and labor required in litigating a matter; (3) the skill requisite to perform the legal service properly; (5) the customary fee; and (9) the experience, reputation, and ability of the attorneys

**ORDER**

**IT IS** on this 24th day of September 2018,

1. **ORDERED** that Mr. Garcia's Motion for Attorneys' Fees is **GRANTED IN PART** and **DENIED IN PART,** and

2. **ORDERED** that Rubin & Rothman pay Mr. Hersh $24,795 in attorneys' fees and $509.20 in litigation costs, for a total award of $25,304.20, within 20 days of this Order.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/24/2018 11:54:35 AM

Original: Clerk of the Court
Hon. Jose Linares, U.S.D.J.

cc: All parties
    File